IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STERLING J. MCKOY, II, | ) |
| Plaintiff, | ) 8:04cv378 |
| vs. | ) MEMORANDUM AND ORDER |
| DOUGLAS COUNTY, | ) |
| Defendant. | ) |

This matter is before the court on filing no. 25, the Motion to Dismiss filed by the defendant, Douglas County, Nebraska, which operates the Douglas County Correctional Center ("DCCC") where the plaintiff, Sterling J. McKoy, II, was in custody.[1] The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging that the defendant violated the Eighth Amendment to the United Stated Constitution by (1) failing to keep the plaintiff separate from certain other prisoners at DCCC and (2) by placing the plaintiff in administrative confinement.

The defendant seeks dismissal of the complaint for failure to state a claim on which relief may be granted, Fed. R. Civ. P. 12(b)(6). The plaintiff received an extension of time (filing nos. 29 and 31) to respond to the motion to dismiss, but he has not done so, and the deadline has expired.

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests only the legal sufficiency of the plaintiff's complaint if the factual allegations in the

---

[1] Although the plaintiff has been warned several times (filing nos. 10 and 16) to keep the court informed of his current address at all times while this case is pending, he has not done so. The plaintiff is presently in federal custody under register number 19319-047. The Clerk of Court shall attempt to locate the plaintiff's current address in order to send him a copy of this Memorandum and Order.

complaint are accepted as true. Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998). See also Browning v. Clinton, 292 F.3d 235, 241-42 (D.C. Cir. 2002): "[W]e accept the plaintiff's factual allegations as true and construe the complaint 'liberally,' 'grant[ing] plaintiff[ ] the benefit of all inferences that can be derived from the facts alleged,' .... At the Rule 12(b)(6) stage, we do not assess 'the truth of what is asserted or determin[e] whether a plaintiff has any evidence to back up what is in the complaint.'" (Citations omitted.) Thus, a claim should be liberally construed in the light most favorable to the plaintiff and should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).

As the plaintiff discusses, Douglas County houses federal pretrial detainees and federal witnesses at DCCC pursuant to an agreement with the United States Marshal Service. Part of the agreement is a "keep separate" policy, i.e., instructions from the U.S. Marshals to "keep separate" federal witnesses housed at DCCC from the federal defendants against whom such witnesses will be testifying. However, a number of such federal witnesses have brought civil rights claims alleging that DCCC has a policy or custom of failing to keep the detainees who are federal witnesses separate from the detainees against whom they testify or give information, notwithstanding the obvious risk of injury to the testifying witness(es). See, e.g., Case No. 8:02cv188, Roscoe Wallace v. Douglas County Correctional Center; Case No. 8:02cv494, John S. Newberry v. Ann O'Connor; and Case No. 8:04cv494, Victor Dwayne Henderson v. Douglas County.

2

It is true that "[p]ersons involuntarily confined by the state have a constitutional right to safe conditions of confinement." Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996). However, "[n]ot every deviation from ideally safe conditions amounts to a constitutional violation." Id. The Eighth Amendment's prohibition against cruel and unusual punishment can be violated by a failure to take reasonable measures to guarantee the safety of an inmate from violence by other prisoners. See, e.g., Pagels v. Morrison, 335 F.3d 736, 740 (8th Cir. 2003): "The Supreme Court has held that the Eighth Amendment requires prison officials to take 'reasonable measures to guarantee the safety of inmates [and] ... to protect prisoners from violence at the hands of other prisoners.' Farmer v. Brennan, 511 U.S. 825, 832-33 ... (1994) (internal quotation marks and citations omitted)."

To prevail on an Eighth Amendment failure-to-protect claim, the plaintiff must show that (1) he was incarcerated under conditions posing a substantial risk of serious harm and (2) the defendant subjectively knew of and disregarded an excessive risk to the plaintiff's safety. Smith v. Arkansas Dep't of Correction, 103 F.3d 637, 644 (8th Cir. 1996); Jensen v. Clarke, 73 F.3d 808, 810 (8th Cir. 1996).

In order to satisfy the second part of a failure-to-protect claim, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Pagels v. Morrison, 335 F.3d 736, 740 (8th Cir. 2003), *citing* Farmer v. Brennan, 511 U.S. 825, 837 (1994). In other words, "[a] government official violates the Eighth Amendment if he is deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates." Berry v. Sherman, 365 F.3d 631, 634 (8th Cir. 2004).

Negligence by a defendant does not suffice to establish deliberate indifference. See, e.g., Pagels v. Morrison, 335 F.3d 736, 742 (8th Cir. 2003) ("negligence cannot give rise to an Eighth Amendment failure-to-protect claim"); Tucker v. Evans, 276 F.3d 999, 1002 (8th Cir. 2002) (negligence, even gross negligence, is insufficient to prove a violation of the Eighth Amendment). Deliberate indifference requires the reckless or callous disregard of a known, excessive risk of serious harm to the safety of the plaintiff or other inmates in the plaintiff's position. Tucker v. Evans, 276 F.3d 999, 1001 (8th Cir. 2002).

The plaintiff mistakenly assumes that a violation of the "keep separate" policy, standing alone, states a compensable claim under the Eighth Amendment. This case is different from the usual "keep separate" violation in that Mr. McKoy was not a testifying witness but was instead a federal defendant against whom nine witnesses, housed at DCCC, provided testimony. Rather than the obvious prospect of injury to a witness informing against a federal defendant, there was no reason to expect that the plaintiff, a federal defendant, would become the subject of an attack by one of the witnesses who testified against him.

In this case, the complaint alleges no facts giving rise to an inference that the defendant subjectively acted, or failed to act, with deliberate indifference to the plaintiff's safety. Instead, the alleged conduct constitutes, at most, a failure to prevent a "surprise attack" by another inmate. See, e.g., Tucker v. Evans, 276 F.3d 999, 1001 (8th Cir. 2002): "We have held in several cases that qualified immunity for prison officials is appropriate when an Eighth Amendment failure-to-protect claim arises from inmate injuries resulting from a surprise attack by another inmate."  See also Jackson v. Everett, 140 F.3d 1149,

4

1152 (8th Cir. 1998): "An 'official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.'"

As for the placement of the plaintiff in administrative confinement, the Eighth Amendment is violated by the denial of "the minimal civilized measure of life's necessities," or by incarceration under conditions "posing a substantial risk of serious harm." Simmons v. Cook, 154 F.3d 805, 807 (8th Cir. 1998) (citation and internal quotation marks omitted). It is the "unnecessary and wanton infliction of pain" which constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Hope v. Pelzer, 122 S.Ct. 2508, 2514 (2002). See also Phillips v. Norris, 320 F.3d 844, 848 (8th Cir. 2003):

> To sustain this claim, [the plaintiff] needs to show "unnecessary and wanton infliction of pain," as well as a deprivation "denying the minimal civilized measure of life's necessities." Wilson v. Seiter, 501 U.S. 294, 298 ... (1991) (internal quotations omitted). [The plaintiff] must also show that the defendants were deliberately indifferent to his health or safety, Farmer v. Brennan, 511 U.S. 825, 828 ... (1994), and that they acted maliciously for the purpose of causing him harm, Whitley v. Albers, 475 U.S. 312, 320-21 ... (1986).

The plaintiff has alleged no facts even approaching that exacting standard. Far worse conditions than those experienced by the plaintiff have been held not to violate the Eighth Amendment. See generally Key v. McKinney, 176 F.3d 1083, 1086 (8th Cir. 1999).

THEREFORE, IT IS ORDERED:

1. That filing no. 25, the defendant's Motion to Dismiss, is granted;

2. That all other pending motions (filing nos. 23 and 27) are denied as moot;

3. That a separate judgment will be entered accordingly; and

5

4. That the Clerk of Court shall locate the plaintiff in federal custody and send him a copy of this Memorandum and Order and the accompanying Judgment.

DATED this 21st day of July, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge